# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

IN RE ONEPLUS TECHNOLOGY (SHENZHEN) CO. LTD.,

*Petitioner.*

*On Petition for a Writ of Mandamus from the United States District Court for the Western District of Texas in Case Nos. 6:20-cv-00952-ADA, 6:20-cv-00953-ADA, 6:20-cv-00956-ADA, 6:20-cv-00957-ADA, 6:20-cv-00958-ADA, Honorable Alan D. Albright*

## RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION REQUESTING ORAL ARGUMENT

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John W. Downing
Heather S. Kim
Jack Shaw
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Dr., Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Shelley Ivan
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel for Respondent WSOU Investments, LLC
d/b/a Brazos Licensing and Development*

**August 23, 2021**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 21-165 |
| **Short Case Caption** | In Re OnePlus Technology (Shnzhen) Co. Ltd. |
| **Filing Party/Entity** | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/23/2021

Signature: /s/ Jonathan K. Waldrop

Name: Jonathan K. Waldrop

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| WSOU Investments, LLC d/b/a Brazos Licensing and Development | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| Jonathan K. Waldrop<br>Kasowitz Benson Torres LLP | | |
| Darcy L. Jones<br>Kasowitz Benson Torres LLP | John W. Downing<br>Kasowitz Benson Torres LLP | Jack Shaw<br>Kasowitz Benson Torres LLP |
| Marcus A. Barber<br>Kasowitz Benson Torres LLP | Heather Kim<br>Kasowitz Benson Torres LLP | Shelley Ivan<br>Kasowitz Benson Torres LLP |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST .................................................................................i

I.    WSOU DID NOT CONSENT TO ONEPLUS'S INACCURATE CASE CHARACTERIZATION IN THE PURPORTEDLY UNOPPOSED MOTION BECAUSE ONEPLUS'S MANDAMUS PETITION IS MERITLESS.........................................................................1

II.   PUBLIC POLICY CONSIDERATIONS CONFIRM THAT ONEPLUS'S MANDAMUS PETITION IS MERITLESS AND THE COURT SHOULD DENY THE PETITION WITH OR WITHOUT AN ORAL ARGUMENT .................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abbyy Prod., LLC v. Nuance Commc'ns, Inc.*,
   564 U.S. 1053 (2011)....................................................................2

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984)......................................................................3

*Nagravision SA v. Gotech Int'l Tech. Ltd.*,
   882 F.3d 494 (5th Cir. 2018) ......................................................2

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) ..............................................2, 3

*Religious Tech. Ctr. v. Liebreich*,
   339 F.3d 369 (5th Cir. 2003), *reh'g denied, clarification granted*
   *on other grounds*, 82 F. App'x 144 (5th Cir. 2003) .....................3

*Sheets v. Yamaha Motors Corp., U.S.A.*,
   891 F.2d 533 (5th Cir. 1990) ..................................................2, 3

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
   486 U.S. 694 (1988)......................................................................3

## Statutes

Ill. Rev. Stat., ch. 110, ¶ 2–209(a)(1).........................................4

Tex. Civ. Prac. & Rem. Code Ann. § 17.042(2).........................4

## Other Authorities

Fed. R. Civ. P. 4(f)(3) ..........................................................*passim*

Pursuant to Fed. R. App. P. 27(a)(3), Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development ("WSOU" or "Respondent") submits this opposition to OnePlus Technology (Shenzhen) Co. Ltd.'s ("OnePlus" or "Petitioner") motion requesting oral argument ("Motion" or "Mot.") (Fed. Cir. Dkt. 14) to correct OnePlus's misleading statements in the Motion.[1]

## I. WSOU DID NOT CONSENT TO ONEPLUS'S INACCURATE CASE CHARACTERIZATION IN THE PURPORTEDLY UNOPPOSED MOTION BECAUSE ONEPLUS'S MANDAMUS PETITION IS MERITLESS

OnePlus incorrectly states that WSOU does not oppose the Motion. (Mot. at 3). While WSOU does not object to the oral argument request, WSOU certainly did not consent to OnePlus's inaccurate characterization of this case in the Motion. Contrary to OnePlus's assertion (Mot. at 3), this case does not raise a "complicated" or "vitally important issue." To the contrary, the issue here cannot be simpler and more generic as this Court already provided a crystal clear answer confirming a widely accepted principle and the U.S. Supreme Court agreed, denying certiorari on the same issue.

As WSOU demonstrated in its Response, this Court held that service under the Hague Convention is not mandatory and that Fed. R. Civ. P. 4(f)(3) gives district

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in WSOU's Response to OnePlus's Petition for a Writ of Mandamus ("Response") (Fed. Cir. Dkt. 10).

courts the discretionary authority to order alternative domestic service on foreign defendants. *See* Fed. R. Civ. P. 4(f)(3); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239-40 (Fed. Cir. 2010) (service may be effected under Rule 4(f)(3) on defendants' domestic counsel or agents as an alternative to service under the Hague Convention); *Abbyy Prod., LLC v. Nuance Commc'ns, Inc.*, 564 U.S. 1053 (2011) (denying certiorari where petitioner argued that the Federal Circuit was incorrect in holding that alternative domestic service of process is allowed under Rule 4(f)(3) regardless of whether the litigant attempted to first effect service under the Hague Convention).

The Fifth Circuit followed the same principle in a Texas case affirming court-ordered email service under Rule 4(f)(3) and explicitly holding that service under the Hague Convention does not displace alternative service under Rule 4(f)(3). *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018). OnePlus plainly failed to cite a single binding case showing otherwise.[2]

---

[2] OnePlus's attempt to use the Fifth Circuit's holding in *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990) to claim service under the Hague Convention is required here misses the mark. While in *Sheets*, the Fifth Circuit held the Hague Convention is triggered if the method of service involves the transmittal of documents abroad, the court also explicitly held the inverse is true: the Hague Convention is not applicable if the method of service *does not* involve transmittal of documents abroad (like the service on OnePlus here). *See Sheets*, 891 F.2d at 537. Further, the Fifth Circuit did not even analyze service under the Louisiana long-arm statute at issue without transmittal of documents abroad, because the plaintiff had already transmitted the pleadings to Japan. *Id.* More importantly, *Sheets* does not

To avoid the well-settled law, OnePlus argues that the Texas long-arm statute mandates service under the Hague Convention. OnePlus is wrong. The Court in *Nuance* addressed this very issue too, holding that, for the purposes of Rule 4(f)(3), when the state's long-arm statute is co-extensive with the federal due process requirements (like here), the jurisdiction analyses under state law and federal law are the same. *See Nuance*, 626 F.3d at 1230-31; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 n.7 (1984) ("[T]he limits of the Texas [long-arm] statute are coextensive with those of the Due Process Clause."); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003), *reh'g denied, clarification granted on other grounds*, 82 F. App'x 144 (5th Cir. 2003) ("Because the Texas Long Arm Statute is coextensive with the confines of due process, questions of personal jurisdiction in Texas are generally analyzed entirely within the framework of the Constitutional constraints of Due Process.").[3]

OnePlus unsuccessfully attempted to distinguish *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (which affirmed alternative

---

address court-ordered service under Rule 4(f)(3) (which is the main issue here). As a result, OnePlus's reliance on *Sheets* is completely misplaced and unhelpful.

[3] This Court also made it abundantly clear that Rule 4(f) (Serving an Individual in a Foreign Country) and Rule 4(e) (Serving an Individual within a Judicial District of the United States) are independent and exclusive of one another, and that there should be no confusion (like OnePlus's confusion here) between court-ordered domestic service under Rule 4(f) and service pursuant to state law without a court order under Rule 4(e). *Nuance*, 626 F.3d at 1240.

domestic service on a foreign company and thus supports WSOU's position) on the ground that the Illinois long-arm statute ¶ 2–209(a)(1) the U.S. Supreme Court relied on is different from the Texas long-arm statute here. (Fed. Cir. Dkt. 13, Reply at 7-9.) OnePlus is wrong again. The two long-arm statutes are fundamentally the same as they both allow the courts to exercise personal jurisdiction over nonresidents for committing wrongful acts within the state. *See* Ill. Rev. Stat., ch. 110, ¶ 2–209(a)(1) (a nonresident who transacts any business in Illinois where such business gave rise to any cause of action is subject to personal jurisdiction in Illinois); Tex. Civ. Prac. & Rem. Code Ann. § 17.042(2) (a nonresident who commits a tort in Texas – just like OnePlus infringed WSOU's patent rights in Texas – is subject to personal jurisdiction in Texas).

As such, under both this Court's and the Fifth Circuit's analyses, Judge Albright's alternative methods of service (*i.e.*, service of process on OnePlus's registered agent at the company's California location and email service on OnePlus's U.S. counsel in Texas where OnePlus litigates multiple cases) were proper. OnePlus fatally failed to show why domestic service on OnePlus was not reasonably calculated to apprise OnePlus of this action under the circumstances, given OnePlus's undeniable presence and business dealings in the United States.

## II. PUBLIC POLICY CONSIDERATIONS CONFIRM THAT ONEPLUS'S MANDAMUS PETITION IS MERITLESS AND THE COURT SHOULD DENY THE PETITION WITH OR WITHOUT AN ORAL ARGUMENT

Despite the well-settled law contradicting OnePlus's position, OnePlus is nevertheless asking for a ruling in its favor "given the gravity of the issues at stake." (Mot. at 3-4.) But there are no real issues here. OnePlus failed to show that it was not properly apprised or given the opportunity to object. And OnePlus has failed to cite a single case where a defendant was not properly apprised due to court-ordered service under Rule 4(f)(3). This is because there is none.

Therefore, a ruling for OnePlus in this case will cure nothing and protect no one. To the contrary, such a ruling will only effectively mandate the Hague Convention and strip district courts of their authority to exercise judgment under the unique circumstances of each case.

Here, there is no doubt that the only objective of OnePlus's mandamus Petition is to delay being held liable for its egregious violation of WSOU's patent rights. The Court should see through this gamesmanship with or without the oral argument requested in the Motion, and deny the Petition.

For these reasons and, as demonstrated in WSOU's Response, there is simply no legitimate way for OnePlus to establish that Judge Albright's decision ordering alternative domestic service under Rule 4(f)(3) – on OnePlus's authorized agent for service of process at the company's U.S. location and email service on OnePlus's

U.S. counsel – is so patently erroneous that it warrants the extraordinary and drastic mandamus relief.

Accordingly, OnePlus's Petition should be denied with or without an oral argument.

Dated: August 23, 2021

/s/ Jonathan K. Waldrop
Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John W. Downing
Heather S. Kim
Jack Shaw
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Dr., Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Shelley Ivan
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Counsel for Respondent WSOU Investments, LLC d/b/a Brazos Licensing and Development*

## CERTIFICATE OF COMPLIANCE

The foregoing opposition brief complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,290 words; and

(2) the typeface requirements of the Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and the typestyle requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman 14-point font.

Dated:  August 23, 2021

 /s/ Jonathan K. Waldrop
Jonathan K. Waldrop
*Counsel for Respondent WSOU*
*Investments, LLC d/b/a Brazos*
*Licensing and Development*

# PROOF OF SERVICE

In accordance with Federal Circuit Rule 21(a)(2), I hereby certify that on August 23, 2021, I have mailed the foregoing opposition brief by First Class Mail, postage prepaid, or have dispatched it to FedEx for delivery within 3 calendar days to the Honorable Alan D. Albright, United States Judge, and the below counsel of record, at the addresses below:

Julie S. Goldemberg
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
julie.goldemberg@morganlewis.com

William R. Peterson
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
Telephone: (713) 890-5188
Facsimile: (713) 890-5001
william.peterson@morganlewis.com

Michael J. Lyons
Ahren C. Hsu-Hoffman
Jacob J.O. Minne
1400 Page Mill Road
Palo Alto, CA 94304-1124
Telephone: (650) 843-4000
Facsimile: (650) 843-4001
michael.lyons@morganlewis.com
ahren.hsu-hoffman@morganlewis.com
jacob.minne@morganlewis.com

Hon. Alan D. Albright
United States Court for the Western
District of Texas
800 Franklin Avenue, Room 301
Waco, Texas 76701
Telephone: (254) 750-1501

Dated: August 23, 2021

/s/ Jonathan K. Waldrop
Jonathan K. Waldrop
*Counsel for Respondent WSOU*
*Investments, LLC d/b/a Brazos*
*Licensing and Development*